[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13958
Non-Argument Calendar

_____

D. C. Docket No. 04-60186-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY MIGNOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 27, 2008)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Federal prisoner Mark Anthony Mignott appeals the district court's denial of his motion to compel the Government to file a Federal Rule of Criminal Procedure 35(b) motion to reduce his sentence for substantial assistance. Mignott asserts the Government breached his written plea agreement when it failed to seek a sentencing reduction under Rule 35 based on his cooperation. Mignott also contends the district court may review the Government's refusal to file a Rule 35 motion because the refusal was based on an unconstitutional motive–race, and was not rationally related to any legitimate motive. Finally, he argues that, as he offered evidence of unconstitutional conduct that went beyond a "generalized allegation of improper motive," he was entitled to an evidentiary hearing.

After a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on substantial assistance if the defendant's substantial assistance involved information: (1) not previously known to the defendant; (2) not useful to the government until more than a year after the defendant's sentencing; or (3) the usefulness of which was not reasonably anticipated by the defendant, until more than one year after sentencing. Fed. R. Crim. P. 35(b)(2). We have held the government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *United States v. Forney*, 9 F.3d 1492, 1500 (11th Cir.

2

1993) (quoting *Wade v. United States*, 112 S. Ct. 1840, 1843 (1992) (holding such in the context of U.S.S.G. § 5K1.1)). Where a plea agreement requires the government only to "consider" filing a Rule 35 motion and places the decision "solely" in the hands of the government, the government retains this "power" and does not breach the agreement by failing to file such a motion. *See id.* at 1499-1500. The district court has no jurisdiction to review whether the defendant in fact offered substantial assistance. *See id.* at 1499-1502 & n.2 ("The district court and, consequently, this court do not evaluate the assistance rendered by a defendant offering cooperation as a term of his plea agreement unless and until the government makes a 5K1.1 motion for downward departure based on substantial assistance. Thus, the courts are precluded from intruding into prosecutorial discretion.") (internal citation omitted).

"Judicial review *is* appropriate when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Forney*, 9 F.3d at 1502 (emphasis in original). A defendant who merely claims to have provided substantial assistance, or who makes only generalized allegations of improper motive, is not entitled to a remedy or even to discovery or an evidentiary hearing. *Wade*, 112 S. Ct. at 1844.

3

As an initial matter, Mignott argues, for the first time on appeal, that the district court erred in failing to compel the Government to file a Rule 35 motion because the Government's refusal was a breach of the original, written plea agreement. Because the plea agreement specifically stated the Government would file a Rule 35 motion if, in its "sole and unreviewable judgment," such a motion was warranted, the district court did not have jurisdiction to review whether the government had breached the plea agreement. *See Forney*, 9 F.3d at 1499-1502.

The district court also did not err by denying Mignott's motion to compel the Government to file a Rule 35(b) motion because he failed to make a substantial showing the Government's refusal to do so was based on an unconstitutional motive. *See Forney*, 9 F.3d at 1498 (11th Cir. 1993) (reviewing *de novo* whether the district court could compel the Government to make a substantial assistance motion). Mignott offered no evidence in support of his conclusory allegation that he was treated differently from his codefendant based on his race. The Government, however, pointed out reasonable distinctions between Mignott and his codefendant, which would explain any difference in treatment. Further, Mignott's claim the Government acted in bad faith is insufficient to justify judicial review. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) ("[This

4

court] limit[s its] review of the government's refusal to file substantial assistance motions to claims of unconstitutional motive.").

Finally, the district court did not abuse its discretion by refusing to hold an evidentiary hearing. *See United States v. Gay*, 251 F.3d 950, 951 (11th Cir. 2001) (reviewing the district court's denial of an evidentiary hearing for an abuse of discretion). In the absence of a "substantial threshold showing" the refusal to file a substantial assistance motion was based upon an unconstitutional motive, such as race or religion, a defendant has no right to discovery or an evidentiary hearing on this issue. *Wade*, 112 S. Ct. at 1844. Mignott was not entitled to an evidentiary hearing because he failed to make a "substantial threshold showing" the Government's refusal to file a Rule 35(b) motion was based on a constitutionally impermissible motive. Accordingly, we affirm the district court.

**AFFIRMED.**